IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 5 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00842-OES

HONORATO VALENCIA ALVAREZ,

    Plaintiff,

v.

ANITA ABEYTA, Deputy,
MARK MILLER, Deputy Sheriff,
TIMOTHY L. RISON, Probation Officer III, and
SUSAN GILBERT, Supervisor,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Honorato Valencia Alvarez is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). On June 3, 2005, Magistrate Judge O. Edward Schlatter ordered Mr. Alvarez to file an amended complaint that asserted each Defendant's personal participation in the alleged constitutional violations. On June 15, 2005, Mr. Alvarez filed an amended complaint for money damages pursuant to § 1983.

Mr. Alvarez has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A

legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Alvarez is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Alvarez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated below, the amended complaint will be dismissed in part pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. Alvarez asserts that sheriff's deputies Anita Abeyta and Mark Miller subjected him to excessive force at the time of his arrest for a traffic violation on April 7, 2001. He alleges that, as a result, he received injuries to his back, neck, right shoulder, right ankle, and both knees. On the basis of these allegations, he asserts that his constitutional rights have been violated.

In the amended complaint Mr. Alvarez still fails to assert clearly each Defendant's personal participation in the alleged constitutional violations. He specifically fails to allege how his probation officer Defendant Timothy L. Rison, or Susan Gilbert, Mr. Rison's supervisor, personally participated in the alleged excessive force. As Magistrate Judge Schlatter warned Mr. Alvarez in the amended complaint, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that the claims asserted against Defendants Timothy L. Rison and Susan Gilbert are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the clerk of the Court is directed to correct the Court's docketing records to remove Mr. Rison and Ms. Gilbert as Defendants. It is

FURTHER ORDERED that the case will be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 14 day of July, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-0042-OES

Honoroto Valencia Alvarez
Reg. No. 112175
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  7-15-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk