IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00842-PAC-MEH

HONOROTO VALENCIA ALVAREZ,

    Plaintiff,

v.

ANITA ABEYTA, and
MARK MILLER,

    Defendants.

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
_____

**Patricia A. Coan, United States Magistrate Judge**

The parties consented to have their case heard by a magistrate judge pursuant to 28 U.S.C. §636(c). See October 25, 2005 Order of Reference [doc. # 30]. On April 13, 2006, I dismissed this *pro se* § 1983 prisoner action for plaintiff's failure to comply with court orders directing him to make payments or show cause why he was unable to make payments pursuant to 28 U.S.C. § 1915(b) [doc. # 53]. On May 1, 2006, plaintiff filed a Motion to Respond to Order of Dismissal [doc. # 54]. The motion is fully briefed and oral argument would not be of assistance.

*Background*

After his motion to proceed *in forma pauperis* was granted on May 6, 2005, plaintiff made a payment of $97.00 on May 19, 2005. Plaintiff filed his amended complaint on June 15, 2005. Plaintiff made no monthly payments after the initial

payment, so a September 29, 2005 show cause order issued, directing plaintiff to make payment or show cause why he was unable to make payment.  On October 17, 2005, plaintiff filed a certified account statement, and submitted payment in the amount of $21.62.  After that payment, no further payments were made nor did plaintiff file any copies of his account statement to show an inability to make a payment.

On February 13, 2006, I issued a second show cause order which directed plaintiff to make payments or show cause why he had been unable to make payments pursuant to 28 U.S.C. § 1915(b) by the 15th day of each month.  See doc. # 46.  Plaintiff filed papers including a Motion for Extension of Time on March 6, 2006, along with his response to the defendants' Motion for Summary Judgment on March 27, 2006. Plaintiff did not submit a February or March 2006 account statement or show cause why he was unable to pay in response to the February 13, 2006 Order to Show Cause. Accordingly, his case was dismissed.   See doc. # 53.

*PLRA Requirements*

Under the 1996 Prison Litigation Reform Act (PLRA), indigent prisoners need not pay federal court filing fees in full prior to initiating litigation or an appeal.  See 28 U.S.C. § 1915(b)(1).  Ultimately, however, "the prisoner shall be required to pay the full amount of a filing fee." *Id.*  The PLRA fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fee.  However, the PLRA does not prohibit a prisoner from bringing a civil action or appealing a civil judgment when he has no assets or means to pay an initial partial filing fee.   See 28 U.S.C. § 1915(b)(4).  The

prisoner is required to arrange for monthly payment of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10, until the filing fees are paid. 28 U.S.C. § 1915(b)(2); *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997)(holding PLRA provision which places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state was constitutional).

The PLRA fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits feel the deterrent effect created by liability for the filing fees. *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) ("when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). Plaintiff was ordered three times to make payments or to show cause why he had no assets to make payments: See May 6, 2005 order granting *in forma pauperis* status [doc. # 2]; September 29, 2005 Order to Show Cause [doc. #21]; and February 13, 2006 Order to Show Cause [doc. # 46].

Plaintiff was warned of the consequences of his failure to make monthly payments or to file account statements showing his inability to pay. See February 13, 2006 Order to Show Cause. Plaintiff did not attempt to comply with the § 1915 fee order because he did not authorize prison officials to withdraw the required monthly payments. *See Cosby,* 351 F.3d at 1331-32. After the February 13, 2006 Order to Show Cause was issued, plaintiff again did not comply with the order for payment or to show cause, and his case was dismissed as a result. It is not the court's duty to remind

3

a *pro se* plaintiff of his monthly § 1915(b) obligations.  The Federal Rules of Civil Procedure permit a district court to dismiss an action for the failure to comply with court orders.  See FED.R.CIV.P. 41(b); *Cosby*, 351 F.3d at 1327.

### *Rule 60(b) Standard*

Plaintiff's motion is styled as a "Motion to Respond to Order of Dismissal" and is properly construed as a motion under Rule 60(b)[1].  A motion to amend judgment is construed as a Rule 59(e) or a Rule 60(b) motion depending on when the motion is filed.  FED.R.CIV.P. 59 requires a motion to alter or amend judgment within ten days after entry of the judgment.   If, as here, a motion is filed more than ten days after judgment enters, it is governed by Rule 60(b).  *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).  I find that plaintiff's motion is under  FED.R.CIV.P. 60(b), which allows for relief from judgment or order due to mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud, satisfaction of the judgment, or any other reason justifying relief from operation of the judgment.

Relief under Rule 60(b)(1)-(6) is extraordinary and may only be granted in exceptional circumstances.  *Allender,* 439 F.3d at 1242.  Mr. Valdez does not state any Rule 60 grounds on which he seeks relief; he states only that he has shown cause in compliance with the February 13, 2006 order and submits to the court, *for the first time*, an account statement dated February 21, 2006.

### *Analysis*

---

[1] FED.R.CIV.P. 60(a) concerns the correction of clerical mistakes and does not apply to plaintiff's motion.

4

Plaintiff attached a February 21, 2006 account statement to his "Motion to Respond to Order of Dismissal." See doc. # 54.  The account statement does not qualify as "newly discovered evidence" under FED.R.CIV.P. 60(b)(2) because plaintiff could have submitted it in response to the February 13, 2006 order.  I therefore examine the only other provision of Rule 60 which may apply, which is section (b)(6), allowing for relief from judgment for "any other reason justifying relief."

Rule 60(b)(6) has been referred to as a "grand reservoir of equitable power" to do justice in a particular case.  *Pelican Prod. Co. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990).  Relief under this provision is warranted only in extraordinary and exceptional circumstances.  Plaintiff's February 21, 2006 account statement shows a $216.21 balance on August 1, 2005, and a negative balance occurring for the first time on February 9, 2006.  Before plaintiff spent $49.86 and $31.64 on canteen items on October 21 and 24, 2005, respectively, his account balance exceeded $10.00, and regular monthly deposits into his prisoner account were made from August 4, 2005 through February 6, 2006.  The plaintiff's February 21, 2006 account statement shows he was able to make some of the previous monthly payments, but chose instead to deplete his account by spending it on canteen items totaling $81.50.

Mr. Valdez made only one monthly payment on October 17, 2005, in response to a show cause order issued on September 29, 2005.  Plaintiff was given opportunities to comply with the court's orders, and plaintiff could have submitted evidence of compliance by filing his account statements.  To the extent plaintiff may suggest that his February 21, 2006 account statement  demonstrates plaintiff's inability to pay,

5

plaintiff's suggestion is rejected. It is clear that the reason for plaintiff's inability to make partial payments toward the filing fee from November 2005 through February 2006 is as a result of plaintiff's canteen purchases on October 21 and 24, 2005, which totaled $81.50. The plaintiff failed to make the required monthly payments when he had sufficient funds in his account to make those required payments. Plaintiff's decision to make canteen purchases instead is fatal to his request for relief from the judgment of dismissal. *Cosby,* 351 F.3d at 1331-32 (prisoner's failure to authorize withdrawals for monthly payment probative of whether he had attempted to comply with fee order).

I find that, because there are no extraordinary or exceptional circumstances presented here, relief under Rule 60(b)(6) is not warranted. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

*Order*

For the reasons stated,

IT IS ORDERED that plaintiff's Motion to Respond to Order of Dismissal, filed May 1, 2006 [doc. # 54], is **denied**.

Dated this 20th day of September, 2006.

BY THE COURT:

  s/ Michael J. Watanabe *for*
PATRICIA A. COAN